NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
ADRIAN F. VALLENS (State Bar No. 332013)
  adrianvallens@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
NEON RATED, LLC; WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; MICHAEL SHANKS; ALISON BRIE; and DAVE FRANCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIOFEST LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a California limited liability company; DAVE FRANCO, an individual; ALISON BRIE, an individual; MICHAEL SHANKS, an individual; NEON RATED, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-04294-JLS-SK<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL FOR THIRTY DAYS** |

DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**PLEASE TAKE NOTICE** that pursuant to Local Rule 79-5.2.2, defendants Neon Rated, LLC, William Morris Endeavor Entertainment, LLC, Michael Shanks, Alison Brie, and Dave Franco (collectively, "Defendants") submit this Application for Leave to File Under Seal For Thirty Days the following documents in support of their Motion to Dismiss Plaintiff's Complaint.

Defendants apply under Local Rule 79-5.2.2(a) to file under seal the following documents:

| Document Description | Designated Portion |
|---|---|
| Defendants' Motion to Dismiss Plaintiff's Complaint | Page/Line:<br>2:10-13; 4:14-5:28; 10:14-15; 10:25-26; 11:3-5; 11:15-17; 11:26-28; 12:5-6; 12:16-21; 13:3-4; 13:8; 13:13-16; 13:22-23; 14:4-5; 14:11; 15:12-13; 16:20-21; 17:9-12; 17:16-17; 17:26-27; 18:7; 18:25-26; 19:16; 19:21-22; 19:28-20:1; 20:13-14; 21:6-7 |
| Ex. 3 to Freeman Declaration ISO Motion to Dismiss Plaintiff's Complaint (flash drive of film, *Together*) | Entirety |

As explained in the accompanying Declarations of Tom Quinn and Adrian Vallens filed concurrently with this application, Defendants' film, *Together*, has not yet been released theatrically. It is set to be released theatrically in the United States on July 30, 2025, and internationally in the following weeks. Because it has not been publicly released and has not yet had a full theatrical run, the film constitutes commercially sensitive business information that, if publicly available before or during the film's domestic or international theatrical run, would cause economic harm or competitive disadvantage to Defendants by providing the public with free access to a film currently being exhibited theatrically, and would prematurely disclose the film's plot details to prospective audiences. *See*

1
DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Declaration of Tom Quinn ("Quinn Decl.") ¶¶ 7-10; Declaration of Adrian Vallens ("Vallens Decl.") ¶ 3.  This harm is especially true for horror genre films like *Together*, where audiences expect to be kept on the edge of their seat.  *See* Quinn Decl. ¶ 8.  If key plot points or twist endings are revealed prematurely, the audience may lose interest and choose not to see the film in the theater, as the element of surprise is diminished.  *See* Quinn Decl. ¶¶ 8-9.  As a result, premature disclosure while the film is still being shown in theaters, can impact a film's theatrical revenues and detrimentally affect the film's theatrical performance.  *See* Quinn Decl. ¶ 9.

Courts routinely permit parties to seal documents for similar reasons.  For example, in *Corbello v. DeVito*, the court granted a sealing request relating to an unpublished novel, finding that "[s]ealing is warranted" where the work was "unpublished" because the author had the right to control the first appearance of its expression, and the premature public posting of the work, including on PACER, would "eviscerate" this right.  2010 WL 11579262, at *6 (D. Nev. 2010).  *See also Morawski v. Lightstorm*, 2012 WL 12883814, at *2 (C.D. Cal. Dec. 10, 2012) (affirming that "[t]he protection of proprietary business information and prospective business plans is a compelling reason to permit the filing of documents under seal" and granting application to seal "exhibits contain[ing] proprietary and confidential information regarding Cameron's methodology, his creative process, and his ideas for possible *Avatar* sequels"); *Gregorini v. Apple*, 2024 WL 4784922, at *22 (C.D. Cal. Oct. 9, 2024) (non-public creative materials justify sealing); *Bauer Bros v. Nike*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting Nike's application to seal because "public disclosure of Nike's confidential business materials … could result in improper use by business competitors seeking to replicate Nike's business practices"); *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (holding that it is often appropriate to seal "sources of business information that might harm a litigant's competitive standing"); *Opulent Treasures*

2
DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*v. Ya Ya Creations*, 682 F. Supp. 3d 815 (C.D. Cal. 2023) (compelling reason to seal materials that could damage a parties' competitive standing).

Here, unlike in these cases, Defendants only move to have the film and certain references to its plot sealed through August 24, 2025, at which point Defendants do not object to these materials being filed publicly. *See* Quinn Decl." ¶ 10; Vallens Decl. ¶ 5.

Defendants have conferred with Plaintiff, which does not oppose Defendant's request to file the film under seal for thirty days during its theatrical release. Plaintiff stated that it would oppose Defendants' request to redact portions of the motion to dismiss that reference plot points in the film.

This Application is based on the Declarations of Tom Quinn and Adrian Vallens filed concurrently; the pleadings and papers on file in this action; the matters on which this Court may take judicial notice; and such additional matters and oral argument as may be offered in support of the application.

DATED: July 25, 2025                    DAVIS WRIGHT TREMAINE LLP
                                        NICOLAS A. JAMPOL
                                        CYDNEY SWOFFORD FREEMAN
                                        ADRIAN F. VALLENS

                                        By: */s/ Adrian F. Vallens*
                                            Adrian F. Vallens

                                        Attorneys for Defendants

3
DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899