| | |
|---|---|
| NICOLAS A. JAMPOL (State Bar No. 244867)<br>  nicolasjampol@dwt.com<br>CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)<br>  cydneyfreeman@dwt.com<br>MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)<br>  meenakshikrishnan@dwt.com<br>ADRIAN F. VALLENS (State Bar No. 332013)<br>  adrianvallens@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 633-6800<br>Fax: (213) 633-6899<br><br>Attorneys for Defendants<br>NEON RATED, LLC; WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; MICHAEL SHANKS; ALISON BRIE; and DAVE FRANCO | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUDIOFEST LLC, a New York limited liability company,<br><br>  Plaintiff,<br><br>  vs.<br><br>WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a California limited liability company; DAVE FRANCO, an individual; ALISON BRIE, an individual; MICHAEL SHANKS, an individual; NEON RATED, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 2:25-cv-04294-JLS-SK<br><br>**DEFENDANT NEON RATED, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendant Neon Rated, LLC ("Neon") responds to plaintiff StudioFest LLC's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## NATURE OF THE ACTION

1. Neon denies the allegations in Paragraph 1.

2. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and denies them on that basis.

3. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and denies them on that basis.

4. Neon denies the allegations in Paragraph 4.

5. Neon denies the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon admits that it obtained distribution rights to *Together* at Sundance. Neon further admits that various reports stated that multiple other distributors expressed interest, and have reported varying amounts for Neon's distribution rights, including for $17 million. Neon further admits that WME Independent is the film sales and financing arm of the agency that focuses on handling domestic and international film sales, including for *Together*. Neon denies the remaining allegations in Paragraph 6.

7. Neon admits that *Together* was released theatrically in the United States on July 30, 2025. Neon denies the remaining allegations in Paragraph 7.

8. To the extent the allegations in Paragraph 8 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 8.

## PARTIES

9. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and denies them on that basis.

NEON'S ANSWER TO FIRST AMENDED COMPLAINT

10. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and denies them on that basis.

11. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and denies them on that basis.

12. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and denies them on that basis.

13. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and denies them on that basis.

14. Neon admits that it is a Delaware limited liability company with its principal place of business in New York, New York.

15. To the extent the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 15.

16. To the extent the allegations in Paragraph 16 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 17.

## JURISDICTION AND VENUE

18. To the extent the allegations in Paragraph 18 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon admits that this action arises under 17 U.S.C. § 101 et seq. Neon does not contest jurisdiction in this Court.

19. To the extent the allegations in Paragraph 19 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon does not contest jurisdiction in this Court.

20. To the extent the allegations in Paragraph 20 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon does not contest that venue in this District is proper. Except as otherwise answered, Neon denies the allegations in Paragraph 20.

**GENERAL ALLEGATIONS**

21. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and denies them on that basis.

22. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and denies them on that basis.

23. To the extent the allegations in Paragraph 23 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and denies them on that basis.

24. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and denies them on that basis.

25. Neon admits that WME is a talent agency that represents artists and other talent. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and denies them on that basis.

26. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and denies them on that basis.

27. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and denies them on that basis.

28. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and denies them on that basis.

29. Neon denies the allegations in Paragraph 29.

30. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and denies them on that basis.

31. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and denies them on that basis.

32. Neon denies the allegations in Paragraph 32.

33. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and denies them on that basis.

34. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and denies them on that basis.

35. Neon admits that *Together* screened at the Sundance Film Festival on January 30, 2025. Neon lacks sufficient knowledge or information as to what Jess Jacklin and Charles Beale did, saw, or heard at the Sundance Film Festival, and denies these allegations on that basis. To the extent the remaining allegations in Paragraph 35 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the remaining allegations in Paragraph 35.

36. To the extent the allegations in Paragraph 36 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon admits that it obtained distribution rights to *Together* at Sundance. Neon further admits that various reports stated that multiple other distributors expressed interest, and have reported varying amounts for Neon's distribution rights, including for $17 million. Neon further admits that it has distributed numerous other award-winning films. Neon denies the remaining allegations in Paragraph 36.

37. Neon admits that *Together* screened at SXSW, and has earned positive reviews from critics and audiences. Neon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and denies them on that basis.

38. Neon admits that *Together* was released theatrically in the United States on July 30, 2025. Neon denies the remaining allegations in Paragraph 38.

4
NEON'S ANSWER TO FIRST AMENDED COMPLAINT

39. To the extent the allegations in Paragraph 39 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 39.

40. Neon denies the allegations in Paragraph 40.

41. Neon denies the allegations in Paragraph 41.

42. Neon denies the allegations in Paragraph 42.

43. Neon denies the allegations in Paragraph 43.

44. Neon denies the allegations in Paragraph 44.

45. Neon denies the allegations in Paragraph 45.

46. Neon denies the allegations in Paragraph 46.

47. Neon denies the allegations in Paragraph 47.

48. Neon denies the allegations in Paragraph 48.

49. Neon denies the allegations in Paragraph 49.

50. Neon admits that it lodged a copy of *Together* with the Court on July 25, 2025 (Dkt. 21-4). Neon further admits that Plaintiff initiated this lawsuit before Plaintiff conducted a full and thorough review of *Together*. Neon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, and denies them on that basis.

51. To the extent the allegations in Paragraph 51 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 51.

52. Neon denies the allegations in Paragraph 52.

53. Neon denies the allegations in Paragraph 53.

54. Neon denies the allegations in Paragraph 54.

55. Neon denies the allegations in Paragraph 55.

56. Neon denies the allegations in Paragraph 56.

57. To the extent the allegations in Paragraph 57 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 57.

58. Neon denies the allegations in Paragraph 58.

59. Neon denies the allegations in Paragraph 59.

60. Neon denies the allegations in Paragraph 60.

61. Neon denies the allegations in Paragraph 61.

62. Neon denies the allegations in Paragraph 62.

63. Neon denies the allegations in Paragraph 63.

64. Neon denies the allegations in Paragraph 64.

65. Neon denies the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 66.

67. Neon denies the allegations in Paragraph 67.

68. Neon denies the allegations in Paragraph 68.

69. Neon denies the allegations in Paragraph 69.

70. Neon denies the allegations in Paragraph 70.

71. Neon denies the allegations in Paragraph 71.

72. Neon denies the allegations in Paragraph 72.

73. Neon denies the allegations in Paragraph 73.

74. Neon denies the allegations in Paragraph 74.

75. Neon denies the allegations in Paragraph 75.

76. Neon denies the allegations in Paragraph 76.

77. Neon denies the allegations in Paragraph 77.

78. Neon denies the allegations in Paragraph 78.

79. Neon admits that *Better Half* and *Together* both feature different scenes set at a school in different circumstances and contexts.

80. Neon denies the allegations in Paragraph 80.

81. Neon denies the allegations in Paragraph 81.

82. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82, and denies them on that basis.

83. Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and denies them on that basis.

84. To the extent the allegations in Paragraph 84 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 84.

85. Neon admits that *Better Half* and *Together* both reference the 2,000-year-old Plato work, *Symposium*, in different scenes and in different circumstances and contexts. Neon denies the remaining allegations in Paragraph 85.

86. Neon admits that this quotation appears in the July 9, 2020 version of *Better Half* filed with the Court (Dkt. 21-2).

87. Neon admits the allegations in Paragraph 87.

88. Neon denies the allegations in Paragraph 88.

## CAUSE OF ACTION

89. To the extent the allegations in Paragraph 89 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 89.

90. To the extent the allegations in Paragraph 90 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and denies them on that basis.

91. To the extent the allegations in Paragraph 91 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and denies them on that basis.

92. To the extent the allegations in Paragraph 92 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 92.

93. To the extent the allegations in Paragraph 93 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 94.

95. To the extent the allegations in Paragraph 95 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 95.

96. To the extent the allegations in Paragraph 96 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 96.

97. To the extent the allegations in Paragraph 97 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 97.

98. To the extent the allegations in Paragraph 98 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 98.

99. To the extent the allegations in Paragraph 99 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 99.

100. To the extent the allegations in Paragraph 100 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 100.

101. To the extent the allegations in Paragraph 101 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 101.

102. To the extent the allegations in Paragraph 102 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Neon denies the allegations in Paragraph 102.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Neon asserts the following additional and affirmative defenses in response to the allegations in the FAC. Neon reserves the right to amend this answer with additional defenses as further information is obtained. By alleging these additional defenses, Neon is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

### First Additional Defense

1. The FAC fails to state a claim upon which relief can be granted.

### Second Additional Defense

2. The FAC is barred because Plaintiff cannot demonstrate that the creator of *Together* had access to *Better Half* before *Together* was created.

### Third Additional Defense

3. The FAC is barred because there is no substantial similarity of protected expression between the works at issue.

### Fourth Additional Defense

4. The FAC is barred because the alleged selection and arrangement of elements in Plaintiff's work is not protectable and is not substantially similar to *Together*.

### Fifth Additional Defense

5. The FAC is barred because *Together* was independently created.

**Sixth Additional Defense**

6. The FAC is barred by the doctrines of waiver, laches, acquiescence, and/or estoppel.

**Seventh Additional Defense**

7. The FAC is barred by the doctrine of unclean hands.

**Eighth Additional Defense**

8. The FAC is barred by the doctrine of fair use.

**Ninth Additional Defense**

9. The FAC is barred because Plaintiff has not shown it owns a valid copyright in the allegedly infringed work.

**Tenth Additional Defense**

10. The FAC is barred because the allegedly infringed elements are not sufficiently original.

**Eleventh Additional Defense**

11. The FAC is barred because Plaintiff has not shown it possesses a proper and valid copyright registration for the allegedly infringed work pursuant to 17 U.S.C. § 411.

**Twelfth Additional Defense**

12. To the extent Plaintiff's purported copyright was not validly registered before the alleged infringement occurred, Plaintiff's request for statutory damages and attorneys' fees is barred pursuant to 17 U.S.C. § 412.

**Thirteenth Additional Defense**

13. The FAC is barred because Plaintiff has misused its copyright.

**Fourteenth Additional Defense**

14. The FAC is barred because Plaintiff's secondary liability claims fail because Plaintiff fails to state a claim for direct infringement.

**Fifteenth Additional Defense**

15. The FAC, to the extent it seeks injunctive relief, is barred because the injury or damages allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

**Sixteenth Additional Defense**

16. The FAC's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

**Seventeenth Additional Defense**

17. The FAC, to the extent that it seeks exemplary or punitive damages, violates Neon's right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

Neon prays for relief as follows:

1. A judgment in favor of Neon denying Plaintiff all requested relief and dismissing the FAC with prejudice;

2. That Neon be awarded its costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3. That the Court award Neon such other and further relief as the Court deems just and proper.

DATED: March 6, 2026

D<span>AVIS</span> W<span>RIGHT</span> T<span>REMAINE</span> LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
ADRIAN F. VALLENS

By: /s/      Nicolas A. Jampol
        Nicolas A. Jampol

Attorneys for Defendants
NEON RATED, LLC; WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; MICHAEL SHANKS; ALISON BRIE; and DAVE FRANCO