| | |
|---|---|
| 1 | NICOLAS A. JAMPOL (State Bar No. 244867) |
|   |     nicolasjampol@dwt.com |
| 2 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766) |
|   |     cydneyfreeman@dwt.com |
| 3 | MEENAKSHI KRISHNAN (*pro hac vice* forthcoming) |
|   |     meenakshikrishnan@dwt.com |
| 4 | ADRIAN F. VALLENS (State Bar No. 332013) |
|   |     adrianvallens@dwt.com |
| 5 | DAVIS WRIGHT TREMAINE LLP |
|   | 350 South Grand Avenue, 27th Floor |
| 6 | Los Angeles, California 90071 |
|   | Telephone: (213) 633-6800 |
| 7 | Fax: (213) 633-6899 |

Attorneys for Defendants
NEON RATED, LLC; WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; MICHAEL SHANKS; ALISON BRIE; and DAVE FRANCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIOFEST LLC, a New York limited liability company, | Case No. 2:25-cv-04294-JLS-SK |
| Plaintiff, | **DEFENDANTS ALISON BRIE AND DAVE FRANCO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a California limited liability company; DAVE FRANCO, an individual; ALISON BRIE, an individual; MICHAEL SHANKS, an individual; NEON RATED, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendants Alison Brie ("Brie") and Dave Franco ("Franco") respond to plaintiff StudioFest LLC's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## NATURE OF THE ACTION

1. Brie and Franco deny the allegations in Paragraph 1.

2. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and deny them on that basis.

3. Brie and Franco admit that Plaintiff attached an email chain to its FAC (Dkt. 31-1) which shows that on August 19, 2020, Lois Drabkin sent an unsolicited email to T.J. Bernardy for a low-budget film, attaching a copy of the *Better Half* screenplay and a synopsis of the film, and inquired about whether Franco and Brie would agree to star in a film adaptation of *Better Half* for $20,000 each. Brie and Franco further admit that the attached email chain states that on August 20, 2020, Mr. Bernardy's office passed on the opportunity. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's intentions in Paragraph 3, and deny them on that basis. Brie and Franco deny the remaining allegations in Paragraph 3.

4. Brie and Franco deny the allegations in Paragraph 4.

5. Brie and Franco deny the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco admit that Neon obtained distribution rights to *Together*. Brie and Franco lack sufficient knowledge or information to form a belief as to the details of *Together*'s distribution in Paragraph 6, and deny these allegations on that basis. Brie and Franco deny the remaining allegations in Paragraph 6.

7. Brie and Franco admit that *Together* was released theatrically in the United States on July 30, 2025. Brie and Franco deny the remaining allegations in Paragraph 7.

8. To the extent the allegations in Paragraph 8 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 8.

## PARTIES

9. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and deny them on that basis.

10. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and deny them on that basis.

11. Brie and Franco admit that Franco is an individual who resides in Los Angeles, California.

12. Brie and Franco admit that Brie is an individual who resides in Los Angeles, California.

13. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and deny them on that basis.

14. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and deny them on that basis.

15. To the extent the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 15.

16. To the extent the allegations in Paragraph 16 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the remaining allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the remaining allegations in Paragraph 17.

## JURISDICTION AND VENUE

18. To the extent the allegations in Paragraph 18 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie

BRIE AND FRANCO'S ANSWER TO FIRST AMENDED COMPLAINT

and Franco admit that this action arises under 17 U.S.C. § 101 et seq. Brie and Franco do not contest jurisdiction in this Court.

19. To the extent the allegations in Paragraph 19 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco do not contest jurisdiction in this Court.

20. To the extent the allegations in Paragraph 20 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco do not contest that venue in this District is proper. Except as otherwise answered, Brie and Franco deny the allegations in Paragraph 20.

## GENERAL ALLEGATIONS

21. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and deny them on that basis.

22. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and deny them on that basis.

23. To the extent the allegations in Paragraph 23 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and denies them on that basis.

24. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and deny them on that basis.

25. Brie and Franco admit that WME is a talent agency that represents artists and other talent. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and deny them on that basis.

26. Brie and Franco admit that Plaintiff attached an email chain to its FAC (Dkt. 31-1) which shows that on August 19, 2020, Lois Drabkin sent an unsolicited email to T.J. Bernardy for a low-budget film, attaching a copy of the *Better Half* screenplay and a synopsis of *Better Half*, and inquired about whether Franco and

Brie would agree to star in a film adaptation of *Better Half* for $20,000 each. Brie and Franco further admit that the attached email chain states that on August 20, 2020, Mr. Bernardy's office passed on the opportunity. Brie and Franco further admit that Mr. Bernardy is an agent at WME who represents Franco, and that Ms. Kovacevic is an agent at WME who represents Brie. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of who Plaintiff hired in Paragraph 26, and deny them on that basis. Brie and Franco deny the remaining allegations in Paragraph 26.

27. Brie and Franco admit that Plaintiff attached an email chain to its FAC (Dkt. 31-1) which shows that on August 19, 2020, Lois Drabkin sent an unsolicited email to T.J. Bernardy for a low-budget film, attaching a copy of the *Better Half* screenplay and a synopsis of the film, and inquired about whether Franco and Brie would agree to star in a film adaptation of *Better Half* for $20,000 each. Brie and Franco further admit that the attached email chain states that on August 20, 2020, Mr. Bernardy's office passed on the opportunity. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's intentions or understanding in Paragraph 27, and deny them on that basis. Brie and Franco deny the remaining allegations in Paragraph 27.

28. Brie and Franco admit that Plaintiff attached an email chain to its FAC (Dkt. 31-1) which shows that on August 19, 2020, Lois Drabkin sent an unsolicited email to T.J. Bernardy for a low-budget film, attaching a copy of the *Better Half* screenplay and a synopsis of the film, and inquired about whether Franco and Brie would agree to star in a film adaptation of *Better Half* for $20,000 each. Brie and Franco further admit that the attached email chain states that on August 20, 2020, Mr. Bernardy's office passed on the opportunity. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28, and deny them on that basis.

29. Brie and Franco deny the allegations in Paragraph 29.

30. Brie and Franco admit that Brie and Franco have been married since 2017. Brie and Franco further admit that Brie and Franco have worked on multiple projects together, including *The Little Hours* and *The Disaster Artist*, and that Franco directed Brie in *The Rental* and *Somebody I Used to Know*. Brie and Franco deny the remaining allegations in Paragraph 30.

31. Franco admits that in 2022, he and Shanks met and Shanks explained the idea for *Together* to Franco, and later sent the film's screenplay to him. Franco further admits that he is represented by Mr. Bernardy. Brie and Franco do not know what interviews Plaintiff is referring to in this allegation, and therefore, Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31, and deny them on that basis.

32. Brie and Franco deny the allegations in Paragraph 32.

33. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and deny them on that basis.

34. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and deny them on that basis.

35. Brie and Franco admit that *Together* screened at the Sundance Film Festival on January 30, 2025. Brie and Franco lack sufficient knowledge or information as to what Jess Jacklin and Charles Beale did, saw, or heard at the Sundance Film Festival, and deny these allegations on that basis. To the extent the remaining allegations in Paragraph 35 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the remaining allegations in Paragraph 35.

36. To the extent the allegations in Paragraph 36 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and deny them on that basis.

37. Brie and Franco admit that *Together* screened at SXSW, and has earned positive reviews from critics and audiences. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and deny them on that basis.

38. Brie and Franco admit that *Together* was released theatrically in the United States on July 30, 2025. Brie and Franco deny the remaining allegations in Paragraph 38.

39. To the extent the allegations in Paragraph 39 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 39.

40. Brie and Franco deny the allegations in Paragraph 40.
41. Brie and Franco deny the allegations in Paragraph 41.
42. Brie and Franco deny the allegations in Paragraph 42.
43. Brie and Franco deny the allegations in Paragraph 43.
44. Brie and Franco deny the allegations in Paragraph 44.
45. Brie and Franco deny the allegations in Paragraph 45.
46. Brie and Franco deny the allegations in Paragraph 46.
47. Brie and Franco deny the allegations in Paragraph 47.
48. Brie and Franco deny the allegations in Paragraph 48.
49. Brie and Franco deny the allegations in Paragraph 49.
50. Brie and Franco admit that they lodged a copy of *Together* with the Court on July 25, 2025 (Dkt. 21-4). Brie and Franco further admit that Plaintiff initiated this lawsuit before Plaintiff conducted a full and thorough review of the film. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, and deny them on that basis.

51. To the extent the allegations in Paragraph 51 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 51.

52. Brie and Franco deny the allegations in Paragraph 52.

53. Brie and Franco deny the allegations in Paragraph 53.

54. Brie and Franco deny the allegations in Paragraph 54.

55. Brie and Franco deny the allegations in Paragraph 55.

56. Brie and Franco deny the allegations in Paragraph 56.

57. To the extent the allegations in Paragraph 57 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 57.

58. Brie and Franco deny the allegations in Paragraph 58.

59. Brie and Franco deny the allegations in Paragraph 59.

60. Brie and Franco deny the allegations in Paragraph 60.

61. Brie and Franco deny the allegations in Paragraph 61.

62. Brie and Franco deny the allegations in Paragraph 62.

63. Brie and Franco deny the allegations in Paragraph 63.

64. Brie and Franco deny the allegations in Paragraph 64.

65. Brie and Franco deny the allegations in Paragraph 65.

66. To the extent the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 66.

67. Brie and Franco deny the allegations in Paragraph 67.

68. Brie and Franco deny the allegations in Paragraph 68.

69. Brie and Franco deny the allegations in Paragraph 69.

70. Brie and Franco deny the allegations in Paragraph 70.

71. Brie and Franco deny the allegations in Paragraph 71.

72. Brie and Franco deny the allegations in Paragraph 72.

73. Brie and Franco deny the allegations in Paragraph 73.

74. Brie and Franco deny the allegations in Paragraph 74.

75. Brie and Franco deny the allegations in Paragraph 75.

76. Brie and Franco deny the allegations in Paragraph 76.

77. Brie and Franco deny the allegations in Paragraph 77.

78. Brie and Franco deny the allegations in Paragraph 78.

79. Brie and Franco admit that *Better Half* and *Together* both feature different scenes set at a school in different circumstances and contexts.

80. Brie and Franco deny the allegations in Paragraph 80.

81. Brie and Franco deny the allegations in Paragraph 81.

82. Brie and Franco admit that they appeared on the *Today Show* on July 30, 2025 where they discussed various aspects of *Together*. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 82, and deny them on that basis.

83. Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and deny them on that basis.

84. To the extent the allegations in Paragraph 84 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 84.

85. Brie and Franco admit that *Better Half* and *Together* both reference the 2,000-year-old Plato work, *Symposium*, in different scenes and in different circumstances and contexts. Brie and Franco deny the remaining allegations in Paragraph 85.

86. Brie and Franco admit that this quotation appears in the July 9, 2020 version of *Better Half* filed with the Court (Dkt. 21-2).

87. Brie and Franco admit the allegations in Paragraph 87.

88. Brie and Franco deny the allegations in Paragraph 88.

8

## CAUSE OF ACTION

89. To the extent the allegations in Paragraph 89 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 89.

90. To the extent the allegations in Paragraph 90 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and deny them on that basis.

91. To the extent the allegations in Paragraph 91 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and deny them on that basis.

92. To the extent the allegations in Paragraph 92 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 92.

93. To the extent the allegations in Paragraph 93 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 94.

95. To the extent the allegations in Paragraph 95 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 95.

96. To the extent the allegations in Paragraph 96 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 96.

97. To the extent the allegations in Paragraph 97 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 97.

98. To the extent the allegations in Paragraph 98 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 98.

99. To the extent the allegations in Paragraph 99 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 99.

100. To the extent the allegations in Paragraph 100 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 100.

101. To the extent the allegations in Paragraph 101 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 101.

102. To the extent the allegations in Paragraph 102 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Brie and Franco deny the allegations in Paragraph 102.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Brie and Franco assert the following additional and affirmative defenses in response to the allegations in the FAC. Brie and Franco reserve the right to amend this answer with additional defenses as further information is obtained. By alleging these additional defenses, Brie and Franco are not in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues.

### First Additional Defense

1. The FAC fails to state a claim upon which relief can be granted.

**Second Additional Defense**

2. The FAC is barred because Plaintiff cannot demonstrate that the creator of *Together* had access to *Better Half* before *Together* was created.

**Third Additional Defense**

3. The FAC is barred because there is no substantial similarity of protected expression between the works at issue.

**Fourth Additional Defense**

4. The FAC is barred because the alleged selection and arrangement of elements in Plaintiff's work is not protectable and is not substantially similar to *Together*.

**Fifth Additional Defense**

5. The FAC is barred because *Together* was independently created.

**Sixth Additional Defense**

6. The FAC is barred by the doctrines of waiver, laches, acquiescence, and/or estoppel.

**Seventh Additional Defense**

7. The FAC is barred by the doctrine of unclean hands.

**Eighth Additional Defense**

8. The FAC is barred by the doctrine of fair use.

**Ninth Additional Defense**

9. The FAC is barred because Plaintiff has not shown it owns a valid copyright in the allegedly infringed work.

**Tenth Additional Defense**

10. The FAC is barred because the allegedly infringed elements are not sufficiently original.

**Eleventh Additional Defense**

11. The FAC is barred because Plaintiff has not shown it possesses a proper and valid copyright registration for the allegedly infringed work pursuant to

11
BRIE AND FRANCO'S ANSWER TO FIRST AMENDED COMPLAINT

17 U.S.C. § 411.

**Twelfth Additional Defense**

12. To the extent Plaintiff's purported copyright was not validly registered before the alleged infringement occurred, Plaintiff's request for statutory damages and attorneys' fees is barred pursuant to 17 U.S.C. § 412.

**Thirteenth Additional Defense**

13. The FAC is barred because Plaintiff has misused its copyright.

**Fourteenth Additional Defense**

14. The FAC is barred because Plaintiff's secondary liability claims fail because Plaintiff fails to state a claim for direct infringement.

**Fifteenth Additional Defense**

15. The FAC, to the extent it seeks injunctive relief, is barred because the injury or damages allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

**Sixteenth Additional Defense**

16. The FAC's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

**Seventeenth Additional Defense**

17. The FAC, to the extent that it seeks exemplary or punitive damages, violates Brie and Franco's right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

Brie and Franco pray for relief as follows:

1. A judgment in favor of Brie and Franco denying Plaintiff all requested relief and dismissing the FAC with prejudice;

2. That Brie and Franco be awarded their costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3. That the Court award Brie and Franco such other and further relief as the Court deems just and proper.

DATED: March 6, 2026

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
ADRIAN F. VALLENS

By: /s/   Nicolas A. Jampol
          Nicolas A. Jampol

Attorneys for Defendants
NEON RATED, LLC; WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; MICHAEL SHANKS; ALISON BRIE; and DAVE FRANCO